Argued and submitted May 5, petition granted, ballot title certified as modified May 12, 1982

BOE,
*Petitioner,*
*v.*
PAULUS,
*Respondent.*

(SC 28613)

644 P2d 1385

Paul R. Romain, Portland, argued the cause and filed the petition for petitioner. With him on the petition were Ragen, Roberts, O'Scannlain, Robertson & Neill, Portland.

Kay Kiner James, Assistant Attorney General, Salem, argued the cause for respondent. On respondent's answering memorandum were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, William F. Gary, Solicitor General, John A. Reuling, Jr., Chief Counsel, Opinion Section and Kay Kiner James, Assistant Attorney General, Salem.

PER CURIAM.

**PER CURIAM**

This is an original proceeding under ORS 250.085 in which petitioner challenges a ballot title prepared for respondent Secretary of State by the Attorney General. ORS 250.065(3). The challenged caption and text in full reads:

"REPLACES APPOINTED PUBLIC UTILITY COMMISSIONER WITH ELECTED THREE-MEMBER COMMISSION

"QUESTION:  Shall the Public Utility Commissioner, now appointed by the Governor, be replaced by elected three-member commission, effective January, 1985?

"EXPLANATION:  Governor now appoints one Public Utility Commissioner to regulate public utilities, railroads, air carriers and motor carriers. Measure replaces the commissioner with elected three-member Public Utility Commission. Commission members would be elected on a nonpartisan basis for four-year terms from three districts of equal population. First election November 1984 for terms beginning January 1985. One initial commissioner, determined by lot, would serve a two-year term. Commissioners would get $32,000 annual salary."

Petitioner's major disagreement with the ballot title is that it does not inform the public about provisions in the initiative which allow the three-member commission to delegate its authority to any one commissioner. Section 7 of the ballot measure states:

"Any investigation, inquiry or hearing which the commission has power to undertake or to hold may be undertaken or held by or before any commissioner designated by order of the commission. All investigations, inquiries and hearings so held shall be conducted as though by the full commission. The designated commissioner shall be empowered to exercise all the powers of the commission with respect to the investigation, inquiry or hearing."

Section 12 amends ORS 756.055. As amended that statute would provide as follows:

"(1)  Except as provided in subsection (2) of this section the [commissioner] commission may designate by order or rule any commissioner or any named employe or category of employes who shall have authority to exercise any of the duties and powers imposed upon the [commissioner] commission by law. The official acts of any

commissioner or employe so exercising any such duties or powers is considered to be an official act of the [commissioner] commission.

"(2)   The [commissioner] commission may not delegate to any named employe or category of employes under subsection (1) of this section the authority to:

"(a)   [Delegate the authority to] Sign any interim or final order after hearing;

"(b)   [Delegate the authority to] Sign any order upon any investigation the [commissioner] commission causes to be initiated;

"(c)   [Delegate the authority to] Sign an order that makes effective a rule;

"(d)   [Delegate the authority to] Enter orders on reconsideration or following rehearing; or

"(e)   [Delegate the authority to] Grant immunity from prosecution, forfeiture or penalty."

■   While subsection (2) prohibits the granting of certain authority to employes, Section 7 of the ballot measure allows individual commissioners to be delegated that authority prohibited to employes. Furthermore, subsection (1) of Section 12 authorizes the commission to designate "any commissioner * * * to exercise any of the duties and powers imposed upon the commission by law." We agree with petitioner that these provisions are so significant that to omit reference to them makes the ballot title prepared by the attorney general "insufficient and unfair." ORS 250.085(1).

■   Petitioner also argues that the statement of an annual salary of $32,000 is deceptive since the total salary cost for three commissioners amounts to $96,000, plus additional costs for benefits such as health insurance and retirement. We do not believe this makes the ballot title insufficient or unfair. However, because we rewrite the language in the explanation for other reasons, we add the word "each" to more precisely state the salary costs.

■   Petitioner next contends that the ballot title does not state that the governor's power to remove the present appointed commissioner for misconduct is eliminated in this proposal for three elected commissioners. The attorney general argues that this is not a crucial change in existing law but merely ensures that if the measure passes, voters will have the same exclusive right to elect or recall these

elected commissioners as they have with respect to other state elected officials. Or Const Art II, § 18. The ballot title is not insufficient or unfair for failing to include a statement that the governor's authority to remove an appointed commissioner is eliminated when the commissioners are elected.

■      The attorney general's proposed ballot title contains an explanation of the election procedure for the members of the commission. We believe the fact that the commissioners would be non-partisan and because they would be elected on a geographical basis from three districts of equal population, those provisions are a part of "the chief purpose of the measure," ORS 250.035(1)(c). We retain those provisions. The date the commissioners' terms would begin is already included in the question as indicated by the effective date and need not be repeated in the explanation.

We rewrite the explanation as follows:

EXPLANATION: Governor now appoints one Public Utility Commissioner to regulate public utilities, railroads, air carriers and motor carriers. The measure replaces the commissioner with non-partisan three-member Public Utility Commission elected for four-year terms from three districts of equal population. It authorizes the commission to delegate to any one commissioner the authority to act for the commission. Each commissioner would be paid $32,000 annual salary.

We certify to the Secretary of State the following ballot title:

"REPLACES APPOINTED PUBLIC UTILITY COMMISSIONER WITH ELECTED THREE-MEMBER COMMISSION

"QUESTION: Shall the Public Utility Commissioner, now appointed by the Governor, be replaced by elected three-member commission, effective January, 1985?

EXPLANATION: Governor now appoints one Public Utility Commissioner to regulate public utilities, railroads, air carriers and motor carriers. The measure replaces the commissioner with non-partisan three-member Public Utility Commission elected for four-year terms from three districts of equal population. It authorizes the commission

to delegate to any one commissioner the authority to act for the commission. Each commissioner would be paid $32,000 annual salary."

Petition granted. Ballot title certified as modified.